UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JONATHAN M. DENNIS                           CIVIL ACTION NO. 14-cv-2495

VERSUS                                        JUDGE FOOTE

RED RIVER ENTERTAINMENT OF                   MAGISTRATE JUDGE HORNSBY
SHREVEPORT, LLC, ET AL

**MEMORANDUM ORDER**

This lawsuit was filed against Sam's Town Casino and two police officers alleging that Defendants falsely arrested, detained, and interrogated Plaintiff when Plaintiff attempted to play blackjack at Sam's Town Casino in 2014. Plaintiff speculates that his mistreatment was based on Sam's Town's suspicion that Plaintiff was a skilled blackjack player who used card counting techniques.

Before the court is a Motion to Compel filed by the police officer defendants. The motion concerns Request for Production of Documents No. 26, which states:

> Please provide all documents, including emails and text messages, you sent to or received from the person you identified as 'Big Player' in your May 29, 2014 email produced on July 21, 2015 at any time during the period from January 1, 2014 through August 31, 2014.

In earlier discovery, Plaintiff produced emails between himself and other individuals who may have been with Plaintiff during his ill fated trip to Shreveport. Bjbigplayer@gmail.com ("Big Player") was a recipient of at least one of Plaintiff's emails.

Defendants do not know what role, if any, Big Player had in the Shreveport incident. Nevertheless, Defendants have attached information to their briefs that references Big Player in an email concerning the incident. In that email, Plaintiff explains the extent to which he will go in this litigation to avoid disclosing the identities of the recipients of the email. According to Plaintiff:

> I don't think it will happen, but I feel that me pursuing the suit would provide some amount of risk of exposure to you and the guys. That being said, I think any "exposure" that you might get from that, the damage would have already been done since they had your name and contact information at Margaritaville, so it probably wouldn't be much additional damage to have your name disclosed in a lawsuit, if it came to that. Of course, I would raise every relevancy argument and vigorously fight to preserve your privacy, but once we get into a suit, those matters are really up to the judge. He has discretion to force disclosures, if requested, if they seem reasonable.

Exhibit 94.

Plaintiff argues that Request No. 26 is overly broad because the request is not limited to events pertaining to the actions or events giving rise to the lawsuit, any injuries Plaintiff sustained, or any damages that Plaintiff might be seeking. Plaintiff represents that Big Player "did not make the trip and was not part of the group of blackjack players who traveled to Shreveport with Plaintiff." Doc. 37-1, p. 6.

Defendants' **Motion to Compel (Doc. 33)** is **granted in part** and **denied in part**. Despite Plaintiff's arguments, the court finds that the information sought is relevant and may lead to the discovery of admissible evidence. If Plaintiff discussed the Shreveport trip, the incident at the casino, or his alleged injuries with Big Player, those emails are relevant and

must be produced. Accordingly, Request for Production of Documents No. 26 must be answered, but its scope is limited as follows: Plaintiff is directed to produce all emails and text messages exchanged between Plaintiff and Big Player (even if other persons are also included in the email or text message exchange) from January 1, 2014 through August 31, 2014 if the email or text message refers to or discusses the Shreveport trip, the incident, or Plaintiff's alleged damages.

The court notes with some concern that Plaintiff's prior discovery responses reveal an attempt to impede or obstruct the discovery process. See Plaintiff's response to Interrogatory 18 at Doc. 38, p. 2 of 6. This court will not tolerate such gamesmanship. Plaintiff is expected to be forthcoming in his discovery responses. Nevertheless, Defendants' request for attorney's fees or sanctions as part of the Motion to Compel is denied.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 8th day of January, 2016.

_____
Mark L. Hornsby
U.S. Magistrate Judge